**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____

|  |  |
|---|---|
| HENRY MYERS, | ) |
|  | ) |
| Plaintiff, | ) |
| v. | )    Civil Action No. 23-3619 (UNA) |
|  | ) |
| GL SOLUTIONS GmbH & Co. KG, | ) |
|  | ) |
| Defendant. | ) |

_____

### MEMORANDUM OPINION

This matter is before the Court on review of *pro se* plaintiff's application to proceed *in forma pauperis* ("IFP") and his civil complaint. The IFP application is GRANTED and, for the reasons stated below, the Complaint and this civil action are DISMISSED without prejudice.

Plaintiff, who uses the names "Henry Barhite," "Henry Myers," and "Henry Christ," Compl. at 1, declares himself the "owner" of "the Henry Christ trademark," *id*. at 4. Relying on assorted treaties and the Fifth Amendment to the United States Constitution, *see id*. at 3, plaintiff in nonsensical fashion, deems himself "the Delegate of Christ," *id*. at 4, and demands "[a]ll money received for all goods sold under the branding Henry Christ" and "for the ownership of the Henry Christ trademark," *id*.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The few factual allegations set forth in the complaint are largely incoherent, irrational or wholly incredible, rendering the complaint subject to dismissal as frivolous. *See Denton v. Hernandez*,

504 U.S. 25, 33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]"). The Court cannot exercise subject matter jurisdiction over such a frivolous complaint. *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality"). This Complaint is therefore dismissed without prejudice.

An Order is issued separately.

DATE: December 28, 2023                       BERYL A. HOWELL
United States District Judge